UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISELA LOZANO,<br><br>    Plaintiff,<br><br> v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 5:14-cv-02992-EJD<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL**<br><br>**(Re: Docket No. 34)** |

Plaintiff Marisela Lozano moves to compel amended discovery responses from Defendant County of Santa Clara.[1] Based on the arguments presented in the parties' briefs and at oral argument, Lozano's motion is GRANTED-IN-PART as follows:

- **Requests for Admission Nos. 2, 5, 32**: Lozano's motion is DENIED as to RFAs Nos. 2, 5, and 32, because these RFAs improperly seek to establish disputed legal issues and have the County admit Lozano's characterizations of the law regarding her disability status and various medical documents.[2]

- **Request for Production No. 2**: The County shall produce organizational charts for the DEBS department within the SSA organization. All other relief as to this request is DENIED as overbroad and disproportionate to the claims and defenses in this case.

- **Request for Production No. 15**: The County represented that it has provided all responsive, non-privileged documents from March to October 2014, the period that Nancy Clark was

---

[1] *See* Docket No. 34.

[2] *See* Docket No. 38 at 12-14.

Case No. 5:14-cv-02992-EJD
ORDER GRANTING-IN-PART MOTION TO COMPEL

1

acting as EOD Manager rather than Deputy County Counsel.[3]  This request is DENIED.

- **Request for Production No. 39**: The County has offered to stipulate that an alternative employment position existed that Lozano was qualified for, if Lozano proves that she was disabled under the Americans with Disability Act.[4]  The County shall tender this stipulation.  This stipulation is sufficient to answer the question of whether one or more jobs were available that Lozano was qualified for, and so her motion is DENIED as to this request.

- **Interrogatories Nos. 7, 8**: Lozano is entitled to discovery regarding the "me, too" evidence sought by these interrogatories.[5]  However, all discovery must conform to Fed. R. Civ. P. 26(b)'s strictures on proportionality and weighing the relative burden and benefit of the requested discovery.  The County therefore shall identify all persons within the DEBS department within the SSA organization that (1) requested an accommodation for a medical condition from January 1, 2005 to the present; (2) were denied the requested accommodation; and (3) appealed that denial to the Equal Opportunity Department.  All other requested relief is insufficiently proportionate to justify the burden that responding would place on the non-parties that filed claims.

- **Interrogatory No. 9**: As with Interrogatories Nos. 7 and 8, the County shall respond to this interrogatory, but only as to claims filed by DEBS employees within the SSA organization.

- **Interrogatory No. 10**: The County shall either (1) stipulate to the admissibility of its previously produced spreadsheet of job vacancies and identify the author of the spreadsheet; or

---

[3] *See* Docket No. 51 at 28:4-29:2.

[4] *See id.* at 14:3-15:6.

[5] *See, e.g.*, *Foster v. ScentAir Techs., Inc.*, Case No. 13-CV-05772-TEH(MEJ), 2014 WL 4063160, at *2 (N.D. Cal. Aug. 15, 2014) (holding that "me, too" evidence may be relevant in a discrimination and harassment suit, but denying plaintiff's request for access to confidential personnel records for failure to show a compelling need); *Goold v. Hilton Worldwide, Inc.*, Case No. 1:13-CV-00438 JLT, 2014 WL 1383252, at *4 (E.D. Cal. Apr. 8, 2014) (granting plaintiff's motion to compel discovery of "me, too" evidence in discrimination case because such evidence may be admissible to demonstrate motive).

2
Case No. 5:14-cv-02992-EJD
ORDER GRANTING-IN-PART MOTION TO COMPEL

1  (2) respond to the interrogatory.

2  - **Interrogatory No. 11**: The County's proffered stipulation as to Request for Production No. 39
3  also satisfies this interrogatory, and so all relief as to this interrogatory is DENIED.

4  All materials and discovery required by this order shall be produced within 14 days.

5  **SO ORDERED.**

6  Dated: December 2, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge